UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC WICKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11 CV 2141 DDN |
| | ) |
| RECEIVABLES PERFORMANCE | ) |
| MANAGEMENT, LLC and | ) |
| HARVEST CREDIT MANAGEMENT | ) |
| VI B LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION**[1]

This action is before the court on the motions of plaintiff Eric Wickes to remand (Doc. 6) and to strike (Doc. 8). For the reasons set forth below, the undersigned recommends that the motion to remand (Doc. 6) be sustained and the motion to strike (Doc. 8) be denied as moot.

On October 26, 2011, plaintiff Eric Wickes commenced this action in the Associate Circuit Court of Franklin County, Missouri against defendants Receivables Performance Management, LLC (RPM) and Harvest Credit Management VI B LLC (Harvest), alleging that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (Doc. 1-1 at 12-18; Doc. 6-2 at 3-9.)

On November 14, 2011, plaintiff moved for leave to amend his petition and to transfer the action to the Circuit Court of Franklin County. (Doc. 1-1 at 10, 11.) In his amended petition, plaintiff raised only his FDCPA claim but brought this claim on behalf of himself and a proposed class. (Doc. 1-1 at 1-9; Doc. 4.)

---

[1]Because not all parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge, the court is ordering the Clerk to reassign this action to a District Judge and recommending dispositions of the pending motions pursuant to 28 U.S.C. § 636(b). See Manske v. Rocky Mtn. Holding Co., No. 4:06CV3198, 2007 WL 119165, at *1 n.1 (D. Neb. Jan. 9, 2007) (recognizing that courts are split on whether Magistrate Judge consent is necessary to enter an order of remand).

On December 13, 2011, defendant RPM removed the action to this court pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1.)

On December 26, 2011, plaintiff moved to remand this action to the Circuit Court of Franklin County, Missouri. In his motion to remand, plaintiff argues that defendant RPM's removal was untimely because its notice of removal was filed more than thirty days after defendant RPM received plaintiff's original petition. The undersigned agrees.

A removing defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

In its notice of removal, defendant RPM asserts that removal was timely because "[t]he Amended Petition . . . [was] first served on RPM's corporate counsel on November 17, 2011." (Doc. 1 at ¶ 3.)

Because plaintiff's FDCPA claim was also made in his original petition, however, defendant RPM could have ascertained that the action was removable upon receipt of the original petition. Bachman v. A.G. Edwards, Inc., No. 4:09 CV 57 ERW, 2009 WL 2182345, at *3 (E.D. Mo. July 22, 2009). Thus, formal service of the original petition began the thirty-day removal period. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999); Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 756-57 (8th Cir. 2001).

It is unclear from the record precisely when the original petition was formally served. On November 8, 2011, plaintiff's counsel sent a copy of his petition in an e-mail to defendant RPM's counsel. (Doc. 6-1.) Later that day, counsel for defendant RPM responded through e-mail, discussing the potential merits of plaintiff's claims. (Doc. 6-3.) Counsel for defendant RPM also stated:

> There is no need to formally serve me. You can send me an acceptance of service and I will sign it on RPM's behalf.

(Doc. 8-1.) Although it is not entirely clear whether the thirty-day removal period began on November 8, 2011, it is clear that it began upon formal service of the original petition, not the amended petition, because the original petition also contained plaintiff's FDCPA claim.

At a minimum, serious doubts exist as to the timeliness of defendant RPM's notice of removal. Any doubts concerning the propriety of removal must be resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).

Therefore,

**IT IS HEREBY ORDERED** that the Clerk of this Court reassign this action to a District Judge by the random selection process.

**IT IS HEREBY RECOMMENDED** that the motion of plaintiff Eric Wickes to remand this action to the Circuit Court of Franklin County, Missouri (Doc. 6) be sustained.

**IT IS FURTHER RECOMMENDED** that the motion of plaintiff to strike (Doc. 8) be denied as moot.

The parties are advised they have 14 days to file written objections to this Order and Recommendation. The failure to file timely written objections may result in the waiver of issues of fact.

          /S/ David D. Noce
          **UNITED STATES MAGISTRATE JUDGE**

Signed on January 31, 2012.